UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| A.A.<br>Plaintiff, | : CIVIL ACTION NO.: 3:18-cv-2142 (JCH)<br>:<br>: |
| v. | :<br>: |
| Avon Board of Education, et al., | :<br>: |
| Defendants. | : November 27, 2019 |

### PLAINTIFF'S LOCAL RULE 56 (a)(2) STATEMENT

Pursuant to the Rule 56 (a)(2) of the *Rules of Civil Procedure for the District of Connecticut*, the plaintiff A.A., respectfully submits the following responses to Defendant's Rule 56(a)(1) Statement of Undisputed Facts dated June 10, 2019. The Defendant submitted a redacted Administrative Record that was prepared by the State Department of Education. The Plaintiff has previously adopted that Administrative Record by reference into the Plaintiff's Rule 58(a)(1) Statement and into the Plaintiff's Motion for Judgement on the Administrative Record and/or in the alternative Plaintiff's Motion for Summary Judgement. "ROR" as set forth herein, refers to the documents that were part of the Return of the Administrative Record previously prepared by the State Department of Education and filed with the Court by the Defendants. The Plaintiff notes that some of the Defendants' references to Exhibit A and to Exhibit B in the administrative record were not consistent and the Plaintiff has attempted to provide his responses below, to the extent his counsel understood the Defendants' references to either Exhibit A and to Exhibit B in their Rule 58 (a)(1) Statement.

**Plaintiff's responses to the Defendants' Rule 58 (a)(1) statements:**

¶ 1. *Plaintiff A.A. was a student within the educational jurisdiction of the Defendant Avon Board of Education though the end of the 2017-18 school year. Exhibit A. Plaintiff's Complaint Para. 3,5.*

**Response: Admitted in part,** to the extent that the Plaintiff was a student who was enrolled in the Defendants' Board of Education during the 2017-18 school year; and **Denied,** to the extent that the Defendants may be asserting that the Plaintiff was not enrolled with the Defendants' Board of Education after the end of the 2017-18 school year.

¶ 2. *Plaintiff was a minor until August of 2018 and until that time, acted through his parents. Exhibit A, Para3.*

**Response: Admitted,** ROR B-92 Finding of Fact No. 1.

¶ 3. *At all relevant times through the end of the 2017-2018 school year, Plaintiff was eligible for special education and related services pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et seq. Exhibit A, Para 3.*

**Response: Admitted,** ROR B-92 Finding of Fact No. 2.

¶ 4. *During the 2016-2017 school year, Plaintiff and Defendants disagreed about the appropriate services A.A. was entitled to under the IDEA Exhibit A. Paras. 9-12.*

**Response: Admitted in part and Denied in part,** to the extent that the Plaintiff was a minor child during that school year and had no legal standing aside from his parents. The Plaintiff's parents had a disagreement with the Defendants; **Admitted in**

**part,** to the extent that there was a disagreement over the appropriate services under the I.D.E.A. ROR B-92 Finding of Fact No.4; ROR B-30, B-31, B-32, & B.33.

¶ 5. *The disagreement resulted in Plaintiff filing for a Due Process hearing with the State Department of Education, pursuant to the provisions of the IDEA. Exhibit A. Para. 12.*

**Response: Admitted in part and Denied in part,** to the extent that there is nothing within Exhibit A ¶12 that supports Defendants' Statement and **Denied in part** to the extent that the Plaintiff was a minor child at that time and had no legal standing aside from his parents. It was the Plaintiff's parents who actually filed for a Due Process hearing and they were responsible for withdrawing their request for a Due Process hearing. ROR, B-33 ¶ 15; ROR, B-90 & B-91.

¶ 6. *On or about April 27, 2017, the Plaintiff and Defendants negotiated a confidential settlement agreement to resolve the claims raised in the request for a Due Process hearing (hereinafter the "Agreement"). Exhibit A. Para.13; Exhibit B, Administrative Record of Case No. 19-0156, p.30 through B-33.*

**Response: Admitted in part and Denied in part,** to the extent it that the Plaintiff was a minor child at that time and had no legal standing aside from his parents at that time. It was the Plaintiff's parents and their attorney at that time who actually negotiated and signed the settlement agreement with the Defendants, and **Admitted** to the extent that the Plaintiff's parents and the Defendants resolved the Plaintiff's parents' claims that were presented in their request for a Due Process hearing. ROR, B-30, B-32, B-33; ROR, B-90 & B-91. The balance of the Statement is **denied.**

¶ 7. *The settlement was accomplished according to the relevant procedures provided for in the IDEA.* <u>Exhibit A.</u> Para. 13.

**Response: The Plaintiff is unable to admit or deny the information in this paragraph and the Defendants are left to their proof.** There is nothing whatsoever within Paragraph 13 of the Settlement agreement that involves or otherwise defines "...the relevant procedures as provided for in the IDEA." That paragraph only required the Plaintiff's parents to keep confidential the terms of the settlement agreement and any discussion thereon, and proscribed the use of the settlement agreement as evidence in any subsequent Due Process hearing. ROR, B-33- ¶ 13. The Plaintiff is uncertain as to which provisions within the IDEA constitute the "relevant procedures" the Defendants are referring to with respect and they are left to their proof.

¶ 8. *A.A. was specifically identified in the Agreement as a party to the Agreement.* <u>Exhibit B</u> p. B-30.

**Response: Denied. The Plaintiff was not specifically listed as a party.** The Plaintiff was a minor child at that time and had no legal standing aside from his parents and he did not have standing in his own right to pursue any claims against the Defendants. The fourth WHEREAS clause on ROR B-30 identified the Plaintiff's parents and the Defendants as the parties who were cooperating to resolve their differences; and in paragraphs two (2) and three (3) that Parents and Student collectively would be paid a sum certain, ROR B-30, and that the the Plaintiff's Mother and Father and the Defendants were the only signatories to the settlement Agreement. ROR B-33.

¶ 9. A.A. is defined in the Agreement, and referred to throughout, as the "Student". Id.

**Response: Admitted.** ROR B-30 (first WHEREAS clause).

¶ 10. A.A. as the Student is referred to separately from his parent who are referred to throughput as "Parents". Id.

**Response:** ROR B-30 (fourth WHEREAS clause).

¶ 11. The Agreement provided in part that for some portion of the 2016-2017 school year, and all of the 2017-2018 school year, Defendants would fulfill their IDEA obligations to the Plaintiff by reimbursing him for the costs of Grove School, a private special residential education school chosen by the Plaintiff's parents. Exhibit B, p.B-30, paras. 2,3.

**Response: Admitted in part and Denied in part,** The Plaintiff was not a signatory to the settlement agreement, only the Plaintiff's parents and the Defendants, ROR B-33; that the settlement payment proceeds were never paid to the Plaintiff, but were paid directly to the Grove School during the 2016-17 and 2017-18 school years, ROR B-30 & B-31 ¶¶ 2,3; and **denied** that the Defendants would fulfill their IDEA obligations to the Plaintiff since the Parents selected the Grove School and it was a unilateral placement that the Plaintiff's parents would be responsible for and not the Defendants, ROR B- 30 ¶ 1, B-31 ¶4; and the Defendants would not be responsible for developing and implementing an IEP as required by the IDEA for the balance of the 2016-17 school year and the 2017-18 school year and would only "monitor" an IEP that was previously developed on February 24, 2017. ROR B- 32 ¶ 8. **Admitted in part,** to the extent that the Plaintiff's parents had selected the Grove School, ROR B-32 ¶ 8, and

that Grove School is a private special education residential school. The balance of the Statement is **denied**.

¶ 12. *Placement of Plaintiff at Grove School provided A.A. with a free appropriate public education ("FAPE") as required by the IDEA, for school years 2016-2017 and 2017-2018.* <u>Exhibit A,</u> *Paras 10,12 (alleging that Grove School would provide Plaintiff with FAPE).*

**Response: Denied.** There is nothing within Exhibit A paragraph 10 or 12 that remotely supports Defendant's Statement. Paragraph 10 provides *inter alia* that the Plaintiff's parents were represented at that time by an experienced attorney, that the terms of the Agreement were explained to them and that the Plaintiff's parents had voluntarily entered into the Agreement with the Defendants. ROR B-32 ¶ 10. Paragraph 12 of the Agreement provides *inter alia,* that there was no admission of wrong-doing or acknowledgement of wrong-doing. ROR B-33 ¶ 12. The Parents selected the Grove School, it was a unilateral placement that the Plaintiff's parents would be responsible for and not the Defendants, ROR B- 30 ¶ 1, B-31 ¶¶ 1, 4; and the Defendants would not be responsible for developing and implementing an IEP as required by the IDEA for the balance of the 2016-17 school year and the 2017-18 school year and it would only "monitor" an IEP that was previously developed on February 24, 2017. ROR B- 32 ¶ 8; and that there was no IEP developed by the Defendants that would ensure the provision of FAPE for the remainder of the 2016-17 school year and the 2017-18. ROR B- 32. The Defendants are left to their proof.

¶ 13. *The Agreement provided that reimbursement for the 2016-2017 school year was "made in full and final settlement of all fee, costs, and/or damages for any claims*

7325732v1

relating to the Student's educational program, including compensatory education..."
Exhibit B, para 2.

**Response: Admitted,** to the extent that the enquoted phrase was part pf paragraph 2 of the Agreement. ROR B-30 ¶ 2. There were other provisions and settlement terms contained in that paragraph.

¶ 14. As for the 2017-218 school year, the Agreement provided that the reimbursement of the Grove School tuition was: [M]ade in full and final settlement of all fees, costs and/or damages for any claims relating to the Student's educational program, including but not limited to compensatory education, attorneys' fees, and evaluation fees though the Student's high school graduation, whenever that may occur...".

**Response: Admitted in part and denied in part,** to the extent that the enquoted phrase was part pf paragraph 3 of the Agreement. ROR B-30, B-31 ¶ 3. There were other provisions and settlement terms contained in that paragraph of the Agreement.

¶ 15. The Agreement also included provisions regarding A.A.'s graduation: The Student will receive his high school diploma and he finally exited from Avon Public School upon the last day of the 2017-18 school year. If he has satisfied the criteria for graduation from Avon Public Schools, he shall be granted a diploma from Avon Public Schools. Otherwise the diploma shall be granted by the Grove School. Exhibit B. p. B-31, para 3.

**Response: Admitted in part and denied in part,** to the extent that the enquoted phrase was part pf paragraph 3 of the Agreement. ROR B-30 ¶ 3. There were

8

other provisions and settlement terms contained in that paragraph, including a cross reference to paragraph 6 of the Agreement that required notice to the Defendants if the Plaintiff was not on track to graduate. ROR B-31 ¶¶ 3,6. Notice that the Plaintiff was not on track to graduate at the the end of the 2017-18 school year was provided to the Defendants on June 12, 2018 and June 27, 2018. ROR B-65, B-66, & B-68. The balcony of the Statement is **denied**.

¶ 16. *The Agreement also specified the plan for A.A. to complete his high school education if he did not complete the requirements by June of 2018: If the Student does not complete the requirements for graduation by June of 2018, the Parents and the Student agree that the Student will complete his education through a GED or adult education, which shall be paid for by the Parents.* Exhibit B. p. 31, para. 3.

**Response: Admitted in part and denied in part,** to the extent that the enquoted phrase was part pf paragraph 3 of the Agreement. ROR B-30, B-31 ¶ 3. There were other provisions and settlement terms contained in that paragraph including a cross reference to paragraph 4 that required the Defendants to convene a PPT if notice was provided pursuant to paragraph 6 of the Agreement that required notice to the Defendants if the Plaintiff was not on track to graduate. ROR B-31 ¶¶ 3,6. Notice that the Plaintiff was not on track to graduate at the the end of the 2017-18 school year was provided to the Defendants on June 12, 2018 and June 27, 2018. ROR B-65, B-66, & B-68. Further, paragraph 7 of the Agreement required the Defendants to maintain the Plaintiff's placement at the Farmington Valley Diagnostic Center as the Plaintiff's 'stay put' placement during the pending of any legal proceedings if there was a dispute. The balance of the Statement is **denied**.

7325732v1

8

¶ 17. *The Agreement contains the following consideration by A.A. to the Defendants in exchange for the fulfillment of the agreement: It is specifically intended that this Agreement is a waiver of any claim, know, or unknown, which the Parents or Student may have against the Board or its agents and employees, in law or in equity, including but not limited to claims pursuant to Conn. Gen. Stat. § 10-76 et sec., The Individuals with Disabilities Education Act, as mended, Section 504 of the Rehabilitation Act, The Americans with disabilities Act, 42 U.S. C. Section 1983 and The Family Education Privacy Rights Act through 2016-17 school year and the Student's graduation from high school. The Parents and Student agree that they shall not bring any claim against the Board, in any forum, related to the Student, the Student's education or seeking reimbursement of any kind, at any time in the future.* Exhibit A, Paras. 25, 26; Exhibit B, p. 32, para.9.

**Response: Admitted in part and denied in part,** to the extent that the enquoted phrase was part pf paragraph 9 of the Agreement. ROR B-32 ¶ 9. There were other provisions within the Agreement including a cross reference to paragraph 6 of the Agreement that required notice to the Defendants if the Plaintiff was not on track to graduate. ROR B-31 ¶¶ 3,6. Notice that the Plaintiff was not on track to graduate at the the end of the 2017-18 school year was provided to the Defendants on June 12, 2018 and June 27, 2018. ROR B-65, B-66, & B-68. Further, paragraph 7 of the Agreement required the Defendants to maintain the Plaintiff's placement at the Farmington Valley Diagnostic Center as the Plaintiff's 'stay put' placement during the pending of any legal proceedings if there was a dispute. The release language contained in paragraph 9 only pertained to the 2016-17 school year and not to any subsequent school year until the

Plaintiff had graduated from high school. ROR B-32 ¶ 9; ROR B-92 (Finding of Fact No. 4). There was no financial or any other consideration ever provided to the Plaintiff to release his claims during the 2017-18 school year pursuant to the provision or paragraph 9, or any other school year after the Plaintiff had turned 18 during the 2018-19 school year. ROR B-5 to B-10. FAPE is available through age 21. 20 U.S.C. §1412 (a)(1)(A). The balance of the Statement is **denied,** the Defendants are left to their proof.

¶18. *As to enforcement of the agreement,"[t]he parties acknowledge that this Agreement is legally binding upon the parties and enforceable in any State court of competent jurisdiction or in a district court of the United States."* Exhibit A. Para. 26; Exhibit B, p. B-33 para. 14.

**Response: Admitted in part and denied in part,** to the extent that the enquoted phrase was part pf paragraph 14 of the Agreement. ROR B-33 ¶ 10 and the term "parties" involved only the Plaintiff's parents and the Defendants. The signatories to the Agreement were the Plaintiff's parents and the Defendants. ROR B-33. The parties to the resolution of the dispute between the Defendants and the Plaintiff's parents involved the Plaintiff's parents and the Defendants. ROR B-30 (Fourth WHEREAS Clause). The Plaintiff was a minor child at the time of the agreement that was negotiated between the Defendants and the Plaintiff's parents. ROR B-92 (Finding of Fact No. 1). Neither the Plaintiff nor the Plaintiff's parents were seeking to enforce the terms of the April 2017 settlement agreement in the Plaintiff's September 17, 2019 request for a Due Process hearing. ROR B-5 to B10 (passim).

¶ 19. *A.A. began attending Grove School in May of 2017.* <u>Exhibit B.</u>B-6 *(second paragraph, first sentence).*

**Response: Admitted.** ROR- B-6; ROR B-93 (Finding of Fact 7).

¶ 20. *In June of 2018, A.A. parents contacted Defendants indicating that A.A. was not on track to graduate from the Grove School at the end of the Grove School year…"* <u>Exhibit A.</u> *Para. 31.*

**Response: Admitted,** to the extent that the enquoted provisions were part of the Plaintiff's *Complaint* ¶ 31. The Defendants were also provided notice that the Plaintiff was not on track to graduate at the end of the 2017-18 school year on June 12, 2018, June 27, 2018, June 27, 2018. ROR B-65, B-66, & B-68; and as found by the Hearing Officer. ROR B-95 (Conclusion of Law No. 15). *Complaint* ¶¶ 41, 42, & 43.

¶ 21. *The only document in the administrative record containing the Grove School's assessment of A.A.'s is the September 6, 2018 planning and placement team (PPT) meeting summary.* <u>Exhibit B.</u> *p. B-36.*

**Response: Admitted in part and Denied in part.** The September 8, 2018 PPT Summary does contain information that was provided by the Grove School's staff regarding their assessments of the Plaintiff. ROR B-36. However, there were other documents referenced in the administrative record. The *Prior Written Notice Page* from the September 6, 2018 PPT meeting also contained a review of August 17, 2018 report cards from the Grove School, unspecified records dated September 6, 2018, and those records were used as a basis for the Defendants' *Actions Proposed*, namely that the [Plaintiff] was not eligible for Special Education and the [Plaintiff] has met graduation prior to the PPT. ROR B-37. The Plaintiff's request for a Due Process hearing

incorporated information by Grove School, that the Plaintiff was markedly behind his peers upon arrival at the Grove School during May 2017 as the direct and proximate result of the Defendant's placement of the Plaintiff at the Farmington Valley Diagnostic Center. ROR B-7, B-9 In addition, the Hearing Officer found that the Grove School had issued a 2017-18 School year report card based upon a review of the Plaintiff's Report Card and information set forth his request for a Due Process hearing. ROR B-93 (Finding of Fact No. 8,). In addition, the provision of the Agreement expressly authorized the Defendants to access the Plaintiff's Grove School records. ROR B-31 ¶ 5. The balance of the Statement is **denied** and the Defendants are left to their proof.

¶ 23. *At the September 6, 2018 PPT meeting, Grove School reported as follows regarding A.A.: Grove residential staff reported on [A.A.'s] performance over the last year related to his daily living skills in the dorm. No updated formal assessments were given to [A.A.]. Progress reporting was based on anecdotal reporting. Areas of weakness noted in daily living skills such as [A.A.} needs prompts to shower, make a bed, and put his dirty laundry in the wash. Grove residential staff also reported at times [A.A.'] does not get along with his peers. Id.*

**Response: Admitted in part and Denied in part,** to the extent that the enquoted phrase was part of the PPT Summary that that was prepared by the Defendants, ROR B-36 ; however, the September 6, 2018 PPT record was devoid of additional information provided by the Plaintiff's parents pursuant to their authority as the Plaintiff's agent that the Plaintiff was not ready to graduate from high school; additional information that was provided by the Grove School staff, that the Plaintiff was not ready to graduate at the end of the 2017-18 school year and he had on-going needs

for special education services, as alleged in the *Complaint* ¶¶ 38, 39, 40, 41, 42, 44, and 45. Instead of reviewing the Plaintiff's testimony, his exhibits, and/or the Grove School staff testimony, the Hearing Officer summarily granted the Defendants Motion to Dismiss without the benefit of hearing any testimony of any witnesses, reviewing any exhibits, weighing the credibility of any witnesses, and/or considering the respective factual and legal claims of each party on the merits of the case. *Complaint*, ¶¶ 50, 51, 52, 53, 54, 55, 57, 58, 59, and 60. ROR B-90 to B-96 (passim).

¶ 24. *Regarding A.A.'s academic and educational performance, the PPT determined that "[g]iven his performance at AHS, Farmington Valley Diagnostic Center, and the Grove School, [A.A.} had exceeded the required number of credits needed for graduation at AHS. He has met all graduation requirements." Id.*

**Response: Admitted in part and Denied in part,** to the extent that the enquoted phrase was part of the PPT Summary that that was prepared by the Defendants, ROR B-36 ; however, the September 6, 2018 PPT record was devoid of additional information provided by the Plaintiff's parents pursuant to their authority as the Plaintiff's agent including that the Plaintiff had not completed required coursework and/or the Defendant's required senior year CAPSTONE project; *Complaint* ¶ 43, additional information that was provided by the Grove School staff clearly establishing that the Plaintiff was not ready to graduate at the end of the 2017-18 school year and he had on-going needs for special education services, as alleged in the *Complaint* ¶¶ 38, 39, 40, 41, 42, 44, and 45. Instead of reviewing the Plaintiff's testimony, his exhibits, and/or the Grove School staff testimony, the Hearing Officer summarily granted the Defendants Motion to Dismiss without the benefit of hearing any testimony of any

witnesses, reviewing any exhibits, weighing the credibility of any witnesses, and/or considering the respective factual and legal claims of each party on the merits of the case. *Complaint,* ¶¶ 50, 51, 52, 53, 54, 55, 57, 58, 59, and 60. ROR B-90 to B-96 (passim).

¶ 25. *There is no evidence in the administrative record disputing the PPT's conclusion that A.A. met all graduation requirements for a regular high school diploma from the Avon Board of Education.* Exhibit B.

**Response: Denied.** The September 6, 2018 PPT record prepared by the Defendants was devoid of additional information provided by the Plaintiff's parents pursuant to their authority as the Plaintiff's agent including that the Plaintiff was not ready to graduate, and had not completed required coursework and/or the Defendant's required senior year CAPSTONE project; *Complaint* ¶ 43, additional information that was provided by the Grove School staff clearly establishing that the Plaintiff was not ready to graduate at the end of the 2017-18 school year and he had on-going needs for special education services, as alleged in the *Complaint* ¶¶ 38, 39, 40, 41, 42, 44, and 45. Instead of reviewing the Plaintiff's testimony, his exhibits, and/or the Grove School staff testimony, the Hearing Officer summarily granted the Defendants Motion to Dismiss without the benefit of hearing any testimony of any witnesses, reviewing any exhibits, weighing the credibility of any witnesses, and/or considering the respective factual and legal claims of each party on the merits of the case. *Complaint,* ¶¶ 50, 51, 52, 53, 54, 55, 57, 58, 59, and 60. ROR B-90 to B-96 (passim).

¶ 26. *As a result of the September 6, 2018 PPT, A.A. was exited from special education because he met the criteria for graduation from Avon Public Schools and was receiving a regular diploma. Exhibit B, p. B-37, B-38.*

**Response: Admitted in part and denied in part,** to the extent that the enquoted phrase was a substantial paraphrase of the PPT Recommendation section and the Prior Written Notice Section- Actions proposed that that were prepared by the Defendants, ROR B-36, B-37; however, the September 6, 2018 PPT record was devoid of additional information provided by the Plaintiff's parents pursuant to their authority as the Plaintiff's agent including that the Plaintiff was not ready to graduate and had not completed required coursework and/or the Defendants' required senior year CAPSTONE project; *Complaint* ¶ 43, additional information that was provided by the Grove School staff clearly establishing that the Plaintiff was not ready to graduate at the end of the 2017-18 school year and he had on-going needs for special education services, as alleged in the *Complaint* ¶¶ 38, 39, 40, 41, 42, 44, and 45. Instead of reviewing the Plaintiff's testimony, his exhibits, and/or the Grove School staff testimony, the Hearing Officer summarily granted the Defendants Motion to Dismiss without the benefit of hearing any testimony of any witnesses, reviewing any exhibits, weighing the credibility of any witnesses, and/or considering the respective factual and legal claims of each party on the merits of the case. *Complaint,* ¶¶ 50, 51, 52, 53, 54, 55, 57, 58, 59, and 60. ROR B-90 to B-96 (passim). **Denied** to the extent that the Plaintiff was properly exited from special education and met the Defendants' graduation criteria.

¶ 27. *On September 17, 2018, A.A. filed a Request for Due Process with the Connecticut Department of Education, claiming that he should not have been exited*

*from special education, and that he was entitled to continued services from Defendants. Exhibit A. Paras. 46-47; Exhibit B, B-5 through B-10.*

**Response: Admitted in part,** to the extent that the Plaintiff filed a request for a Due Process hearing on September 17, 2018 that alleged in part, that he should not have been exited from special education and he was entitled to continued special education services from the Defendants; but **Denied,** to the extent that the Defendants have omitted from the Request for a Due Process hearing that Plaintiff had also alleged that he was not provided with a copy of the record from the September 6, 2018 PPT meeting within five schools days after that meeting as required by state law; that he was denied FAPE for the 2018-19 school year; that the Defendants' ignored the professional recommendations that were provided during the September 6, 2018 PPT meeting; that the Defendants engaged in categorical decision-making and had predetermined the outcome of the PPT meeting prior to the commencement of the PPT meeting in violation of the IDEA; that the Defendants ignored the information provided by the Grove School staff regarding the Plaintiff's unmet academic, social, emotional, and transition needs; that the Plaintiff was not prepared for post-secondary education, employment, and independent living; that the Defendants should have placed the Plaintiff at the Grove School for the 2018-19 school year and the summer of 2019; that the Defendants should have offered to reimburse the Plaintiff or his parents for the costs of Grove School during the 2018-19 school year; that the Defendants; abrogated their responsibilities to adhere to the IDEA's substantive and procedural requirements, with respect to the provision of FAPE for the 2018-19 school years; amongst other claims set

forth in the Request for a Due Process hearing. ROR B-5 to B-10. The Defendants are left to their proof.

¶ 28. Defendant Avon Board of Education filed a Motion to Dismiss the Request for Due Process, arguing inter alia that A.A. The BOE filed a Motion to Dismiss the Request for Due Process arguing that A.A. "had met all graduation requirements" and was therefore appropriately exited from special education. Exhibit B, B-9.

**Response: The Plaintiff is unable to admit or deny.** Portions of the Statement are entirely unclear. Further, the information Exhibit B, B-9 cited by the Defendants is part of the Plaintiff's September 17, 2018 Request for a Due Process hearing. There is nothing whatsoever within Exhibit B, B-9 to support the Defendants' Statement. The Plaintiff does acknowledge that a Motion to Dismiss had been filed by the Defendants, however the substance of the Motion to Dismiss was not limited to the claims that the Plaintiff had met all graduation requirements. ROR B- 17 to B-28. The Defendants are left to their proof.

¶ 29. The hearing officer issued a Final Decision and Order on November 13, 2018 and made inter alia, the following findings of facts:

7. The Student was educated at Grove School from May 1, 2017 until August 16, 2018 or August 17, 2018, when Grove School's 2017-18 School Year ended. (Report Card; Student's Opposition)

9. The Board awarded the Student a total of 29.31 high school credits, based on courses taken at Avon High School, Farmington Valley Diagnostic Center and Grove School. (9/6/18 PPT)

10. The Student's 29.31 credits exceeded the requirements for his receipt of a regular high school diploma from the Board. (9/6/18 PPT; Motion to Dismiss).

Exhibit B, B-93, paras. 7, 9, 10.

The hearing officer made, inter alia, the following conclusions of law:

3. Under both IDEA and Connecticut special education law, a student's right to receive, and a board of education's duty to provide, special education and related services ends with the earlier of: a) the student's high school graduation with a regular diploma; b) the student's twenty-first birthday; or c) the student's achievement of such other criteria as are established by his or her Planning and Placement Team. 34 C.F.R. Section 300.102(a)(3)(i); C.G.S. Section 10-76(d). See also, DJ v. Connecticut State Board of Education, 71 IDELR 210 (D. Conn 2018); Letter to Richards, 17 IDELR 288 (OSERS 1990)

4. A "regular high school diploma is a diploma that is fully aligned with state academic standards and does not include an alternative degree outside of state academic standards, or a certificate, or is a general education development (GED) credential. 34 CFR §300.102(a)(3)(iv).

5. High school graduation requirements are determined exclusively by state law and school district policy and apply equally to disabled and non-disabled students. If a student with a disability meets state and school district requirements for award of a regular high school diploma, he or she cannot be denied a diploma simply because he or she has a disability. Sammons v. Polk County School Board, 45 IDELR 29 (11th Cir. 2006); In re: Student with a Disability, 56 IDELR 183 (New York ED 2011); Letter to Anonymous, 22 IDELR 456 (OSEP 1994).

6. The decision whether or not a student has attained the requirements for high school graduation with a regular diploma is a school board decision, not a decision of the Planning and Placement Team, and is not subject to review in a special education due process hearing. Letter to White, 63 IDELR 230 (OSERS 2014); In re: Student with a Disability, 56 IDELR 183 (New York ED 2011); Letter to Anonymous, 22 IDELR 456 (OSEP 1994).

7. Moreover, a student graduates with a regular diploma for IDEA purposes when he or she meets the academic credit and other requirements for graduation, not when he or she receives or accepts a diploma or participates in a graduation ceremony. Sammons v. Polk County School Board, 45 IDELR 29 (11th Cir. 2006); Doe v. Marlborough Public Schools; 54 IDELR 283 (D. Mass 2010); Wauwatosa School District, 69 IDELR 173 (Wisconsin ED 2016); Cranston School District, 114 LRP 38615 (Rhode Island ED 2014); In re: Student with a Disability, 56 IDELR 183 (New York ED 2011).

9. In this case, all of the educational services that formed the basis of the Board's determination that the Student earned 29.31 credits and was entitled to a regular high school diploma took place before the end of Grove School's 2017-18 School Year on August 17, 2018 and before the Student turned 18 years of age on August 18, 2018. (Finding of Fact Nos. 7, 8 and 9)

10. Accordingly, the Student had already earned a regular high school diploma and the Board was no longer obligated to educate him the day before he turned 18 years of age on August 18, 2018. 34 C.F.R. Section 300.102(a)(3)(i); C.G.S. Section 10-76(d).

14. It is also significant that the Student does not challenge the Board's determinations that he earned 29.31 high school credits or that his 29.31 credits were sufficient to award a regular high school diploma, in his Request for Due Process.

*16. The Student's position that he was not then, and is not now, "ready to graduate" is not pertinent. The issue here is whether the Student in fact passed a sufficient number and types of high school courses to earn the credits required under Board policy and state law to receive a regular high school diploma. The Student does not dispute the Board's position that he did earn such a number and type of high school credits.*

*17. The Student's claim of a continuing need for special education and transition services also misses the mark. Neither IDEA nor Connecticut law makes the absence of need for services the benchmark for discontinuing services. Indeed, many students, including those who are not disabled, have continuing needs for academic and other services after graduation from high school. Many are not fully ready to meet the challenges of adulthood when they leave high school. The law simply does not require that students be "ready" when they graduate from high school and lose eligibility for special education and related services. Doe v. Marlborough Public Schools; 54 IDELR 283 (D. Mass 2010); Cranston School District, 114 LRP 38615 (Rhode Island ED 2014).*

*22. The Student finished high school having earned a regular high school diploma on or before August 17, 2018. At that point in time, he was no longer entitled to receive special education or related services from the Board. His Request for Due Process is based exclusively on events that took place on and after August 18, 2018, a time when he was no longer eligible for services under IDEA or Connecticut special education law. Accordingly, the Request for Due Process must be dismissed.*

<u>Exhibit B,</u> *B-93 to B-96, paras 3-7,9-10,16-17, 22.*

**Response: Admitted in part and denied in part,** to the extent that the enquoted select portions of the Hearing Officer's Final Decision were accurately copied, and **Denied,** to the extent that the Defendants' omitted paragraphs 1,2, 8,11,12, 13, 15,18,19,20, 21, of the findings because many of the findings were favorable the Plaintiff's claims, and omitted paragraphs 1,2,8,11,12,13,15,18,19,20,21 of the conclusions of law; because the Hearing Officer summarily granted the Defendants' Motion to Dismiss without the benefit of hearing and reconciling the competing testimony of any witnesses, failing to reconcile contested issues of fact, failed to review any exhibits, failed to weigh the credibility of any witnesses, denied a request for oral argument on the pending prehearing motions, and/or failed to consider the respective competing factual and legal claims of each party on the merits of their respective case, prior to the issuance of the Final Decision, effectively denying the Plaintiff of Due Process of Law. *Complaint,* ¶¶ 50, 51, 52, 53, 54, 55, 57, 58, 59, and 60. ROR B-90 to B-96 (passim).

Respectfully submitted,

THE PLAINTIFF

BY _____
Lawrence W. Berliner
Law Office of Lawrence Berliner
1720 Post Road East,
Suite 214-E
Westport, CT 06880
Tele: 1-203-255-0582
E-Mail: lwb.esq@gmail.com
Federal Bar No. ct 070 02

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Lawrence W. Berliner